Mitchell M.Z. Twersky (MT-6739)
Lawrence D. Levit (LL-9507)
Ximena R. Skovron (XS-3397)
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
**Proposed Lead Counsel for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                           :

CITY OF MONROE EMPLOYEES'               :
RETIREMENT SYSTEM, Individually and     :
On Behalf of All Others Similarly Situated,     :
                                           :
        Plaintiff,                           :         Case No. 10-cv-2835-NRB
                                           :
    vs.                                  :
                                           :
THE HARTFORD FINANCIAL SERVICES      :
GROUP, INC., RAMANI AYER, THOMAS M.   :        ECF Case
MARRA, DAVID M. JOHNSON and           :
LIZABETH H. ZLATKUS,                    :
                                           :
        Defendants.                     :
                                           :
---------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF OKLAHOMA FIREFIGHTERS PENSION**
**AND RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD**
**<u>PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

                                                  **PAGE**

PRELIMINARY STATEMENT ................................................. 1

ARGUMENT ................................................................ 3

I.     FEDERAL SECURITIES LAW PROVIDES THAT A LEAD PLAINTIFF
       BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION .............. 3

II.    OKLAHOMA SHOULD BE APPOINTED LEAD PLAINTIFF ................... 4

       A.     Oklahoma Has Filed This Motion ....................................... 5

       B.     Oklahoma Has The Requisite Financial Interest In The Relief
              Sought By The Class ................................................. 6

       C.     Oklahoma Otherwise Satisfies Rule 23 ................................. 6

III.   THE COURT SHOULD APPROVE THE APPLICANT'S CHOICE OF
       COUNSEL .......................................................... 8

CONCLUSION ............................................................. 9

# TABLE OF AUTHORITIES

**CASES**

                                          **PAGE(S)**

*Greebel v. FTP Software, Inc.*,
    939 F. Supp. 57 (D. Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Smith Barney Transfer Agent Litig.*,
    No. 05-Civ-7583 (WHP),
    2006 U.S. Dist. LEXIS 19728 (S.D.N.Y. Apr. 17, 2006) . . . . . . . . . . . . . . . . . . . . . . . 5

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES AND RULES**

15 U.S.C. § 78u-4(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 78u-4(a)(3)(B)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,7

Fed. R. Civ. P. 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 23(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Movant Oklahoma Firefighters Pension and Retirement System ("Oklahoma") respectfully submits this memorandum, along with the accompanying Declaration of Mitchell M.Z. Twersky in Support of Appointment of Lead Plaintiff and Approval of Lead Counsel (the "Twersky Decl.") in support of its motion: (i) to be appointed Lead Plaintiff; and (ii) for approval of its selection of the firm of Abraham, Fruchter & Twersky, LLP as lead counsel.

## PRELIMINARY STATEMENT

This Action was brought on behalf of a class (the "Class") of all persons or entities who purchased or acquired the common stock of The Hartford Financial Services Group, Inc. ("Hartford" or the "Company") between December 10, 2007 and February 5, 2009, inclusive (the "Class Period"). Complaint ¶1.[1] Hartford, as well as its senior executive officers, Remani Ayer, Thomas M. Marra, David M. Johnson and Lizabeth H. Zlatkus, are named as defendants. Complaint ¶¶40-44.

Hartford is a large, diversified insurance and financial services company, offering investment products such as annuities, mutual funds, individual and group life insurance products, individual and group disability insurance products and property and casualty insurance products. Complaint ¶¶2, 40. The Complaint alleges that during the Class Period, Hartford made materially false and misleading statements regarding the Company's risk exposure to mortgage-backed securities, credit default swaps, and other financial instruments. *See*, *e.g.*, Complaint ¶¶6-7.

The Class Period begins on December 10, 2007, when the Company provided earnings guidance for 2008. Complaint ¶¶4, 58. The Company, however, did not disclose its risky

---

[1] This summary is taken from the complaint filed in *City of Monroe Employees' Retirement System v. The Hartford Financial Services Group, Inc., et al.*, 10-cv-2835-NRB (S.D.N.Y.). Paragraph references are to that Complaint.

investments. Instead, throughout the Class Period, Hartford consistently stated that its capital positions were sound and a source of strength despite turbulence in the economy. *E.g.*, Complaint ¶¶4, 9-10. Hartford's public statements were materially false or misleading, and Defendants failed to disclose at least the following material adverse facts concerning the Company during the Class Period: (1) that the Company's capital position was weak and deteriorating; (2) that the Company had a massive exposure to losses from derivative investments; (3) that the Company had leveraged its risk by investing cash collateral from third party's into extremely risky investments, including residential and commercial mortgage-backed securities; (4) that the Company was further leveraged by using securities that were segregated for policyholders in separate accounts to lend to third parties for collateral that was invested in extremely risky investments; (5) that its capital and financial position was eroding significantly and exposed it to severe liquidity risks; (6) that the Company's hedging program was becoming increasingly expensive to maintain because of high volatility in the equity markets; (7) that the Company's financial results were continuing to deteriorate to a much greater extent than revealed because of its exposure to the real estate market and credit default swaps; and (8) that the Company was not on track to achieve its 2008 core earnings per share because it misrepresented the effect of market movements on its earnings. Complaint ¶34.

On February 5, 2009, after the markets closed, the Company reported disastrous fourth quarter and 2008 year-end financial results. For the fourth quarter, it reported a core earnings loss of $0.72 per share rather than its projected core earnings of $1.24 to $1.44 per share. For the year, it reported core earnings of only $2.74 per share instead of its projected guidance of $4.70 to $4.90 per share despite the fact that the S&P closed for the year above the level that

Defendants stated was needed for the Company to meet the earnings guidance provided.  On the same day, Moody's downgraded the Company's long-term senior debt rating and its P&C and life insurance subsidiaries.  This news caused the Company's stock price to drop from $15.09 per share on February 5, 2009 to close at $12.68 per share on February 6, 2009.  Complaint ¶30.  Oklahoma purchased Hartford shares during the Class Period and incurred losses from such purchases.  *See* Twersky Decl., Ex. B.

## ARGUMENT

### I. FEDERAL SECURITIES LAW PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION

On December 22, 1995, Congress amended the securities laws by enacting the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  Specifically, Section 21D of the Exchange Act provide that, within 20 days after the date on which a class action is filed,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*See* 15 U.S.C. § 78u-4(a)(3).

On March 31, 2010, a notice was published on Business Wire, Inc. concerning the filing of the first federal class action which is the subject of this motion.  *See* Twersky Decl., Ex. A.  The notice advised members of the purported class of the pendency of the action, the claims asserted, the purported class period and the right to move the Court within 60 days for appointment as lead plaintiff.  As a result, the notice satisfied all the requirements of the PSLRA.  *See generally*, *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996).

3

The PSLRA directs the Court to consider any motions by purported class members to serve as lead plaintiffs in response to any such notice by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate any actions asserting substantially the same claim or claims, and to presume that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons who:

    (aa)    has either filed the complaint or made a motion in the response to a notice . . .;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interests of the class; and

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## II. OKLAHOMA SHOULD BE APPOINTED LEAD PLAINTIFF

Oklahoma satisfies the prerequisites for appointment as lead plaintiff and because it has the largest financial interest in the relief sought by the class, it is the presumptive lead plaintiff and should be appointed Lead Plaintiff. In addition, there are no deficiencies in its adequacy which would cause it to be an inappropriate choice to serve as lead plaintiff for the Class.

### A. Oklahoma Has Filed This Motion

The first requirement to being appointed a lead plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Here, Oklahoma is making a motion in response to a notice. As such, Oklahoma satisfies the first prong of the most adequate plaintiff test.

### B. Oklahoma Has The Requisite Financial Interest In The Relief Sought By The Class

The second prerequisite to being appointed a lead plaintiff is that "in the determination of the Court, [the plaintiff] has the largest financial interest in the relief sought by the Class" of those persons moving to be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Oklahoma has incurred losses of approximately $747,309 in connection with the purchases of Hartford shares during the Class Period.[2] It is believed that this loss is the largest loss of those who are moving for lead plaintiff. *See* Twersky Decl., Ex. C. Accordingly, Oklahoma is presumed to be the most adequate plaintiff and should be appointed Lead Plaintiff. *See In re Smith Barney Transfer Agent Litig.*, No. 05-Civ-7583 (WHP), 2006 U.S. Dist. LEXIS 19728, at *7-8 (S.D.N.Y. Apr. 17, 2006) (citations omitted).

### C. Oklahoma Otherwise Satisfies Rule 23

The lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is

---

[2] The losses were calculated using the first-in, first-out method. Using the last-in, first-out method, Oklahoma had losses of approximately $706,357. *See* Twersky Decl., Ex. C.

> impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See, e.g.*, *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citation omitted). As detailed below, Oklahoma satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See*, *e.g.*, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993). Oklahoma satisfies this requirement because, just like all other members of the Class, Oklahoma purchased Hartford shares during the Class Period. Thus, Oklahoma's claims are typical of those of other Class members because Oklahoma's claims and the claims of other Class members arise out of the same course of events.

Rule 23(a)(4) provides that the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of plaintiff to represent the Class to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the Class. In this Circuit adequacy depends on: (1)

whether the named plaintiff and his counsel have any conflicts of interest with other class members; (2) whether class counsel is qualified and experienced; and (3) whether the named plaintiff and his counsel will prosecute the action vigorously on behalf of the class. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2001)

Here, Oklahoma has no conflict with the interests of the other members of the Class. Oklahoma wants to obtain the maximum recovery for the Class so as to maximize its pro rata share of that recovery. Oklahoma and its counsel have also demonstrated that it will prosecute the claims of the Class vigorously by having executed a certification, acted to file this motion and is seeking to assert claims on behalf of the Class.

In addition, as shown below, Oklahoma's proposed counsel are highly qualified, experienced and able to conduct this complex litigation vigorously and in a professional manner. Thus, Oklahoma satisfies the adequacy requirements of Rule 23.

### III.     THE COURT SHOULD APPROVE THE APPLICANT'S CHOICE OF COUNSEL

The PSLRA provides that the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In that regard, Oklahoma has selected and retained Abraham, Fruchter & Twersky, LLP to serve as counsel. Abraham, Fruchter & Twersky, LLP has previously practiced before this Court and has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions. *See* Twersky Decl., Ex. D.

## CONCLUSION

In light of the foregoing, Oklahoma respectfully requests that the Court: (i) appoint Oklahoma as Lead Plaintiff for the Class; and (ii) approve the selection of Abraham, Fruchter & Twersky, LLP as Lead Counsel for the Class.

Dated: June 1, 2010

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

By: /s/ Mitchell M.Z. Twersky
    Mitchell M.Z. Twersky (MT-6739)
    Lawrence D. Levit (LL-9507)
    Ximena R. Skovron (XS-3397)
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**