UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CITY OF MONROE EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al.,<br><br>      Defendants. | Civil Action No. 1:10-cv-02835-NRB<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF STICHTING PHILIPS PENSIOENFONDS AND STATE UNIVERSITIES RETIREMENT SYSTEM OF ILLINOIS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |

I.  **PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all purchasers of The Hartford Financial Services Group, Inc. ("The Hartford" or the "Company") common stock between December 10, 2007 and February 5, 2009, inclusive (the "Class Period").  The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(u)-4, *et seq.*), and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investors Stichting Philips Pensioenfonds and State Universities Retirement System of Illinois ("Illinois SURS") hereby move this Court for an Order to: (i) appoint Stichting Philips Pensioenfonds and Illinois SURS as Lead Plaintiff in the Action under §21D(a)(3)(B) of the Exchange Act; and (ii) approve Stichting Philips Pensioenfonds and Illinois SURS's selection of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel.

This motion is made on the grounds that Stichting Philips Pensioenfonds and Illinois SURS are the most adequate plaintiffs, as defined by the PSLRA.  Stichting Philips Pensioenfonds and Illinois SURS are precisely the types of institutional investors that Congress sought to summon and empower when it enacted the PSLRA.  *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs).  Moreover, as institutional investors, Stichting Philips Pensioenfonds and Illinois SURS are accustomed to acting as fiduciaries and their experience in legal and financial matters will substantially benefit the Class.

During the Class Period, Stichting Philips Pensioenfonds and Illinois SURS incurred a substantial $12,035,367.80 loss on their transactions in The Hartford common stock.  *See* Rosenfeld

Decl., Ex. B.[1] To the best of their knowledge, this is the greatest loss sustained by any moving Class member or Class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, Stichting Philips Pensioenfonds and Illinois SURS, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative Class and that they will fairly and adequately represent the interests of the Class.

## II.     FACTUAL BACKGROUND

The Hartford is one of the largest investment and insurance companies based in the United States.

The complaint alleges that, during the Class Period, Defendants made materially false and misleading representations regarding the Company's business and prospects, including its capital position, investment risk and hedging program. According to the complaint, Defendants were aware of material undisclosed information which contradicted their public statements during the Class Period, including, but not limited to, the following: (a) the Company's regulatory capital position was weak and deteriorating throughout the Class Period; (b) the Company had built up massive exposure to losses from derivative investments, including credit default swap contracts, way beyond the "corporate bond" risk references included in The Hartford's quarterly conference calls with analysts; (c) the Company had leveraged its risk significantly throughout the Class Period through a securities lending program in which it invested the cash collateral it received from third-party lenders in extremely risky investments, including residential and commercial mortgage-backed securities; (d) the Company's hedging program was becoming increasingly expensive to maintain

---

[1]     References to the "Rosenfeld Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld, dated June 1, 2010 and submitted herewith.

due to high volatility in the equity markets; (e) the Company's financial results were continuing to deteriorate to a much greater extent than represented due to its exposure to the U.S. real estate market and credit default swap contracts; (f) the Company had failed to maintain adequate internal controls to adequately report losses from investments on a timely basis; (g) the Company was not on track to achieve the 2008 core earnings per share forecasted for and by the Company and continually misrepresented the effect market movements would have on such earnings; and (h) the Company overstated its book value by not accruing for liabilities for repayment of workers compensation insurance premiums consistent with what was actually justified.

As a direct result of defendants' admissions and the public revelations regarding the truth about The Hartford's actual business prospects, capital position and investments, The Hartford's stock price plummeted 76%, falling from $40.99 per share on September 30, 2008 to $9.64 per share on November 18, 2008 – a drop of $31.35 per share. Defendants then made numerous false and misleading statements during the Company's December 5, 2008 Investor Day conference in New York, which had the intended effect again of artificially inflating The Hartford's stock price. As a direct result of defendants' admissions and the public revelations regarding the truth about The Hartford's actual business prospects, capital position and investments, The Hartford's stock price dropped 13%, from $14.59 on December 5, 2008 to $12.68 on February 6, 2009. These drops removed the inflation from The Hartford's stock price, causing real economic loss to investors who had purchased the stock during the Class Period.

### III. ARGUMENT

#### A. Stichting Philips Pensioenfonds and Illinois SURS Should Be Appointed Lead Plaintiff

##### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action caused the first notice regarding the pendency of the Action to be published on *Business Wire*, a national, business-oriented newswire service, on March 31, 2010. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### B. Stichting Philips Pensioenfonds and Illinois SURS Satisfy the "Lead Plaintiff" Requirements of the Exchange Act

#### 1. Stichting Philips Pensioenfonds and Illinois SURS Have Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on June 1, 2010.  Pursuant to the provisions of the PSLRA, and within the requisite time frame after publication of the required notice on March 31, 2010, Stichting Philips Pensioenfonds and Illinois SURS timely move this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Stichting Philips Pensioenfonds and Illinois SURS have duly signed and filed certifications stating that they are willing to serve as the representative parties on behalf of the Class.  *See* Rosenfeld Decl., Ex. C.  In addition, Stichting Philips Pensioenfonds and Illinois SURS have selected and retained competent counsel to represent them and the Class.  *See* Rosenfeld Decl., Ex. E.  Accordingly, Stichting Philips Pensioenfonds and Illinois SURS have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein considered and approved by the Court.

##### a. Stichting Philips Pensioenfonds and Illinois SURS Are Precisely the Types of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions.  *See* H.R.

- 5 -

Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, who typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Stichting Philips Pensioenfonds and Illinois SURS, as institutional investors, are precisely the types of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id.*

      **b.**    **Stichting Philips Pensioenfonds and Illinois SURS Have the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Rosenfeld Decl., Ex. C, Stichting Philips Pensioenfonds and Illinois SURS incurred a substantial $12,035,367.80 loss on their transactions in The Hartford common stock. *See* Rosenfeld Decl., Ex. B. Stichting Philips Pensioenfonds and Illinois SURS thus have a significant financial interest in this case. Therefore, Stichting Philips Pensioenfonds and Illinois SURS satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in the Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

      **c.**    **Stichting Philips Pensioenfonds and Illinois SURS Otherwise Satisfy Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class

is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997).  Stichting Philips Pensioenfonds and Illinois SURS satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact") (quoting *In re Prudential Secs., Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995)).  The requirement that the proposed class representatives' claims be typical of the claims of

the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

Stichting Philips Pensioenfonds and Illinois SURS satisfy this requirement because, just like all other Class members, they: (1) purchased The Hartford common stock during the Class Period; (2) were adversely affected by Defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Stichting Philips Pensioenfonds and Illinois SURS's claims are typical of those of other Class members because their claims and the claims of other Class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Stichting Philips Pensioenfonds and Illinois SURS to represent the Class to the existence of any conflicts between the interests of Stichting Philips Pensioenfonds and Illinois SURS and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the Class representatives' claims conflict with those of the Class; and (ii) whether Class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) (citations omitted).

Here, Stichting Philips Pensioenfonds and Illinois SURS are adequate representatives of the Class. As evidenced by the injuries suffered by Stichting Philips Pensioenfonds and Illinois SURS and the Class, the interests of Stichting Philips Pensioenfonds and Illinois SURS are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Stichting Philips Pensioenfonds and Illinois SURS's interests and those of the other members of the Class.

Stichting Philips Pensioenfonds and Illinois SURS have also provided the Court with a joint declaration setting forth their commitment to vigorously prosecute this action in order to maximize the recovery for the class. *See* Rosenfeld Decl., Ex. D, ¶¶3, 6 and 9. Their joint declaration also

states that, prior to the filing of this motion, Stichting Philips Pensioenfonds and Illinois SURS had multiple conversations regarding its filing and it is their belief that "their combined knowledge, experience, sophistication and resources" will benefit the class. *Id*. at ¶8; *see also* ¶¶4 and 7.

Further, Stichting Philips Pensioenfonds and Illinois SURS have taken significant steps that demonstrate they will protect the interests of the Class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Stichting Philips Pensioenfonds and Illinois SURS's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Stichting Philips Pensioenfonds and Illinois SURS *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

  **C.** **The Court Should Approve Stichting Philips Pensioenfonds and Illinois SURS's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Stichting Philips Pensioenfonds and Illinois SURS have selected the law firm of Robbins Geller as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex. Dec), in which Robbins Geller obtained recoveries that represent the largest recovery ever obtained in a shareholder class action. *See* Rosenfeld Decl., Ex. E. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Accordingly, the Court should approve Stichting Philips Pensioenfonds and Illinois SURS's selection of counsel.

## IV.  CONCLUSION

For all the foregoing reasons, Stichting Philips Pensioenfonds and Illinois SURS respectfully request that the Court: (i) appoint Stichting Philips Pensioenfonds and Illinois SURS as Lead Plaintiff in the Action; (ii) approve their selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  June 1, 2010  ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
LAURIE L. LARGENT
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff