## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF MONROE EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Electronically Filed |
| Plaintiff, | Civil Action No. 10 cv 2835 (NRB) |
| vs. | Hon. Naomi Reice Buchwald |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., RAMANI AYER, THOMAS M. MARRA, DAVID M. JOHNSON and LIZABETH H. ZLATKUS, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ARKANSAS TEACHER RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ........................................................................................3

ARGUMENT ............................................................................................................4

I.     ARKANSAS TEACHER SHOULD BE APPOINTED LEAD PLAINTIFF ....................4

     A.     The Procedural Requirements Pursuant to the PSLRA ...........................................4

     B.     Arkansas Teacher is the "Most Adequate Plaintiff" ..................................................5

              1.     Arkansas Teacher Has Made a Timely
Motion for Appointment as Lead Plaintiff..................................................5

              2.     Arkansas Teacher Has the Largest
Financial Interest in the Outcome of the Action ........................................5

              3.     Arkansas Teacher Otherwise Satisfies Rule 23 .........................................6

              4.     Arkansas Teacher is the Prototypical
Lead Plaintiff Envisioned by the PSLRA ...................................................8

II.     THE COURT SHOULD APPROVE ARKANSAS
TEACHER'S CHOICE OF CO-LEAD COUNSEL.........................................................9

CONCLUSION.........................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)..................................................................................................8

*Constance Sczensy Trust v. KPMG LLP*,
  223 F.R.D. 319 (S.D.N.Y. 2004) ..........................................................................................7

*Glauser v. EVCI Center Colleges Holding Corp.*,
  236 F.R.D. 184 (S.D.N.Y. 2006) ..........................................................................................7

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits  Trust v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ..........................................................................................7

*Reimer v. Ambac Fin. Group, Inc.*,
  No. 08 Civ. 411(NRB), 2008 WL 2073931 (S.D.N.Y. May 9, 2008)..................................5, 6

*In re Waste Mgmt., Inc. Sec. Litig.*,
  128 F. Supp. 2d 401 (S.D. Tex. 2000) ...................................................................................9

## DOCKETED CASES

*Board of Trustees of the AFTRA Retirement Fund v. JP Morgan Chase Bank, N.A.*,
  No.1:09-cv-686 (S.D.N.Y.)...................................................................................................10

*In re Brocade Sec. Litig.*,
  Case No. 3:05-CV-02042 (N.D. Cal.)...................................................................................10

*In re Countrywide Fin. Corp. Sec. Litig.*,
  07-cv-5295 (C.D. Cal.) ..........................................................................................................9

*CompSource Okla. v. BNY Mellon, N.A.*,
  No. 6:08-cv-469 (E.D. Okla.) ..............................................................................................10

*In re Delphi Corp. Sec. Litig.*,
  No. 05-md-1725 (E.D. Mich.) ..............................................................................................10

*In re MoneyGram Int'l Sec. Litig.*,
  Case No. 08-CV-883 (D. Minn.) ..........................................................................................10

*In re Monster Worldwide, Inc. Sec. Litig.*,
   No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007).....................................................9

*In re Williams Securities Litigation*,
   02-CV-72(SPF) (N.D. Okla.)..................................................................................8

## STATUTES

15 U.S.C. § 78u-4(a)(3) *et seq.* ............................................................. *passim*

Fed. R. Civ. P. 23(a) ................................................................................................6

## MISCELLANEOUS

H.R. Rep. No. 104-369 (1995),
   *as reprinted in* 1995 U.S.C.C.A.N. 730...................................................................8

Arkansas Teacher Retirement System ("Arkansas Teacher") respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (a) appointing Arkansas Teacher as Lead Plaintiff of a class of purchasers of the common stock of The Hartford Financial Services Group, Inc. ("The Hartford" or the "Company") from December 10, 2007 to February 5, 2009, inclusive (the "Class Period"); (b) approving Arkansas Teacher's selection of Labaton Sucharow LLP ("Labaton Sucharow") and Nix, Patterson & Roach, LLP ("NPR") as Co-Lead Counsel for the Class; and (c) granting such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

This case alleges that The Hartford and certain of its officers and directors (collectively, "defendants") violated the federal securities laws by issuing materially false and misleading statements regarding the Company's business and prospects. The above-captioned action (the "Action") is brought on behalf of all persons who purchased or otherwise acquired the common stock of The Hartford during the Class Period (the "Class"), to recover damages caused by defendants' violations of the federal securities laws arising out of defendants' material omissions, misrepresentations and scheme to defraud.

Pursuant to the PSLRA, the Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should determine, among other things, which movant has the "largest financial interest" in the relief

---

[1] Given the inability to identify all lead plaintiff movants and the statutory nature of the lead plaintiff filing deadline, compliance with the Court's Individual Practice Rule 2.A pre-motion conference requirement is impracticable at the time of filing this motion.

sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate

class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15

U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Arkansas Teacher believes that it is the "most adequate plaintiff" under the PSLRA to

serve as the Lead Plaintiff on behalf of the Class in this Action.  As set forth in detail below,

Arkansas Teacher, a sophisticated institutional investor with $8 billion in assets under

management, suffered losses on its investments in the common stock of The Hartford of

approximately $8.5 million using the last-in-first-out ("LIFO") loss methodology during the

Class Period.  A copy of the PSLRA-required Certification submitted by Arkansas Teacher is

attached as Exhibit A to the Declaration of Alan I. Ellman (the "Ellman Decl."), submitted

herewith.  This Certification sets forth the transactions of Arkansas Teacher in The Hartford

common stock during the Class Period.  In addition, a chart reflecting the calculation of

Arkansas Teacher's losses in The Hartford common stock purchased during the Class Period is

attached as Exhibit B to the Ellman Declaration.  In light of the significant transactions and

losses reflected in these exhibits, Arkansas Teacher has a large financial interest in the relief

sought by the Class in this litigation—an interest believed to be greater than that of any

competing movant.

In addition, Arkansas Teacher satisfies the adequacy and typicality requirements of Rule

23 because it is a sophisticated institutional investor which stands in the shoes of all other Class

members and is ready and able to spearhead this litigation in the best interests of the Class.

Indeed, the PSLRA's legislative history shows that Arkansas Teacher is precisely the type of

sophisticated institutional investor whose participation in securities class actions the PSLRA was

meant to foster.  In short, Arkansas Teacher is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall select and retain counsel to represent the class, subject to court approval.  Arkansas Teacher's selection of Labaton Sucharow and NPR as Co-Lead Counsel should be approved because, as demonstrated below, these firms have successfully litigated securities class actions for many years and have the requisite experience and resources to prosecute this Action.

## STATEMENT OF FACTS

The Hartford is one of the largest investment and insurance companies based in the United States.  During the Class Period, defendants made materially false and misleading representations regarding the Company's business and prospects, including its capital position, investment risk and hedging program.  On February 5, 2009, after the markets closed, The Hartford was forced to report disastrous fourth quarter and 2008 year-end financial results. And while defendants had repeatedly assured the market throughout the Class Period that the Company's capital position was sound and could fully support its current credit rating, that same day Moody's downgraded The Hartford's long-term senior debt rating and the Company's property & casualty and life insurance subsidiaries.  As a result of this news, The Hartford's shares fell from $15.09 on February 5, 2009 to close at $12.68 per share on February 6, 2009.

Defendants were aware of material undisclosed information which contradicted their public statements during the Class Period, including, but not limited to, the following: (a) the Company's regulatory capital position was weak and deteriorating throughout the Class Period; (b) the Company had built up massive exposure to losses from derivative investments, including credit default swap contracts, way beyond the "corporate bond" risk references included in The

- 3 -

Hartford's quarterly conference calls with analysts; (c) the Company had leveraged its risk significantly throughout the Class Period through a securities lending program in which it invested the cash collateral it received from third-party lenders in extremely risky investments, including residential and commercial mortgage-backed securities; (d) the Company's hedging program was becoming increasingly expensive to maintain due to high volatility in the equity markets; (e) the Company's financial results were continuing to deteriorate to a much greater extent than represented due to its exposure to the U.S. real estate market and credit default swap contracts; (f) the Company had failed to maintain adequate internal controls to adequately report losses from investments on a timely basis; (g) the Company was not on track to achieve the 2008 core earnings per share forecasted for and by the Company and continually misrepresented the effect market movements would have on such earnings; and (h) the Company overstated its book value by not accruing for liabilities for repayment of workers compensation insurance premiums consistent with what was actually justified.

## ARGUMENT

### I.    ARKANSAS TEACHER SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.    The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The plaintiff who filed the first complaint in this Action published a notice on *Business Wire* on March 31, 2010. *See* Notice, Ellman Decl. Ex. C. This notice indicated that applications for appointment as lead plaintiff were to be made no later than June 1, 2010. Within 60 days after publication of the required

notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that-
>
> > (aa)  has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Reimer v. Ambac Fin. Group, Inc.*, No. 08 Civ. 411(NRB), 2008 WL 2073931, at *2 (S.D.N.Y. May 9, 2008) (Buchwald, J.).

**B.**   <u>**Arkansas Teacher is the "Most Adequate Plaintiff"**</u>

**1.**   <u>**Arkansas Teacher Has Made a Timely**</u>
     <u>**Motion for Appointment as Lead Plaintiff**</u>

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Arkansas Teacher timely moves this Court to be appointed Lead Plaintiff on behalf of all Class members covered by the Action.

**2.**   <u>**Arkansas Teacher Has the Largest**</u>
     <u>**Financial Interest in the Outcome of the Action**</u>

To the best of its and its counsel's knowledge, Arkansas Teacher has a larger financial

interest in the relief sought by the Class than any Class member that has come forward as a proposed lead plaintiff.  During the proposed Class Period, Arkansas Teacher purchased The Hartford common stock on the New York Stock Exchange ("NYSE") as reflected in its Certification, and Arkansas Teacher's losses are approximately $8,549,102 using the LIFO methodology.  *See* Ellman Decl. Exs. A and B.

### 3.    Arkansas Teacher Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See Reimer*, 2008 WL 2073931, at *4 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) (Buchwald, J.) (same).  As detailed below, Arkansas Teacher satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

**(a)    Arkansas Teacher Fulfills the Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality exists "where the claims of the Lead Plaintiff arise [from] the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct."  *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 188-89 (S.D.N.Y. 2006).  However, the claims of the Lead Plaintiff need not be identical to the claims of the class to satisfy typicality.  *See Constance Sczensy Trust v. KPMG LLP*, 223 F.R.D. 319, 325 (S.D.N.Y. 2004).

Arkansas Teacher seeks to represent a class of purchasers of The Hartford common stock who have identical, non-competing and non-conflicting interests.  Arkansas Teacher satisfies the typicality requirement because it:  (a) purchased or acquired The Hartford common stock during the Class Period at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (b) suffered damages when the truth was disclosed to the market.  *See Glauser*, 236 F.R.D. at 189 (discussing the typicality requirement).  Thus, Arkansas Teacher's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

**(b)    Arkansas Teacher Fulfills the Adequacy Requirement**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation."  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits*

*Trust v. LaBranche & Co.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (citation omitted).  Arkansas

Teacher's interests in this Action are perfectly aligned with the interests of absent class

members, and Labaton Sucharow and NPR, its selected co-lead counsel, have decades of

experience effectively prosecuting securities class actions.  Accordingly, the Court can be

assured that Arkansas Teacher and its selected counsel will more than adequately protect the

interests of absent class members.

**4.      Arkansas Teacher is the Prototypical
<u>Lead Plaintiff Envisioned by the PSLRA</u>**

In addition to satisfying the requirements of Rule 23, Arkansas Teacher is precisely the

type of large, sophisticated institutional investor—the prototypical lead plaintiff—envisioned by

the framers of the PSLRA.  As noted by Congress in the Statement of Managers, the PSLRA was

enacted "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in

part, because "[i]nstitutional investors and other class members with large amounts at stake will

represent the interests of the plaintiff class more effectively than class members with small

amounts at stake."  H.R. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730,

733; *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the

legislative intent behind enacting the PSLRA was to encourage large institutional investors to

serve as lead plaintiff).

Arkansas Teacher, established in 1937 to provide retirement benefits to the thousands of

current and former employees of Arkansas's education community, has approximately $8 billion

in assets.  Arkansas Teacher has a well-established record of success seeking redress on behalf of

investors in securities class actions.  For example, Arkansas Teacher's successful prosecution of

*In re Williams Securities Litigation*, 02-CV-72(SPF) (N.D. Okla.), in which it was specifically

- 8 -

selected by the court to replace lead plaintiffs that had withdrawn for undisclosed reasons, resulted in a recovery of $311 million for the class.

Thus, as demonstrated above, Arkansas Teacher is the prototypical lead plaintiff under the PSLRA.

## II.    THE COURT SHOULD APPROVE ARKANSAS TEACHER'S CHOICE OF CO-LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  Labaton Sucharow has had a leading role in numerous important actions on behalf of defrauded investors.  Labaton Sucharow is lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, 07-cv-5295 (C.D. Cal.), which resulted in a settlement in principle of $624 million, the largest subprime-related securities class action settlement achieved to date.  *Countrywide* dealt with many of the same complex issues as this case, including the assessment of risk and accounting for mortgage-related investments.  Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time.  *See In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions").  In addition, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group, HealthSouth, Bear Stearns, Fannie Mae, Satyam, and others.  *See* Labaton Sucharow Firm Resume, Ellman Decl. Ex. D.  In *In re Monster Worldwide, Inc. Securities Litigation,* No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007), Judge Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well

known to . . . courts for the excellence of its representation." (*Id.,* Hr'g Tr. 24:25-25:1, June 14, 2007).

Similarly, NPR has a long track record of ground breaking success on behalf of public agencies in securities fraud class actions and other diverse types cases. *See* NPR Firm Resume, Ellman Decl. Ex. E.  For example, in February 2010, NPR won an $80 million settlement on behalf of the Oklahoma Teacher Retirement System and the class in *In re MoneyGram International Securities Litigation*, Case No. 08-CV-883, (D. Minn.).  NPR also recently served as Lead Counsel in *In re Delphi Corp. Securities Litigation*, No. 05-md-1725 (E.D. Mich.), which settled for a total of $322 million, and as class counsel in *In re Brocade Securities Litigation*, Case No. 3:05-CV-02042 (N.D. Cal.), which settled for $160.1 million.  In 1995, NPR, along with four other law firms, was selected by the State of Texas to prosecute the State's claims against the tobacco industry, seeking to recoup State monies paid to treat smoking-related illnesses.  On the eve of trial, after nearly three years of litigation, NPR recovered a settlement for the State of Texas in the amount of $17.2 billion.  While this case was not a securities fraud litigation, the settlement remains the largest monetary recovery in history by a state in any type of litigation.

NPR's work in *MoneyGram* is especially relevant here because, like The Hartford, MoneyGram was required to meet certain regulatory capital requirements, failed to disclose the level of its exposure to investments in high-risk mortgage backed securities and derivatives and, when those investments increasingly failed, MoneyGram was unable to meet these regulatory requirements.  NPR also is currently prosecuting two additional actions that are relevant to the instant action because they involve complex issues regarding securities lending programs: *CompSource Oklahoma v. BNY Mellon, N.A.*, No. 6:08-cv-469 (E.D. Okla.); and *Board of*

*Trustees of the AFTRA Retirement Fund v. JP Morgan Chase Bank, N.A.*, No.1:09-cv-686 (S.D.N.Y.).

Labaton Sucharow's and NPR's work in each of these actions demonstrates the firms' collective ability not only to prosecute securities fraud class actions generally, but more specifically, to handle the complex factual and legal issues surrounding asset-backed securities, derivatives and securities lending, which form the core of the allegations at issue in this litigation.

## CONCLUSION

For the foregoing reasons, Arkansas Teacher respectfully requests that the Court: (a) appoint Arkansas Teacher as Lead Plaintiff; (b) approve Labaton Sucharow LLP and Nix, Patterson & Roach, LLP as Co-Lead Counsel for the Class; and (c) grant such other and further relief as the Court may deem just and proper.

Dated: June 1, 2010                                 Respectfully submitted,

**LABATON SUCHAROW LLP**

By:  */s/ Christopher J. Keller*

Christopher J. Keller (CK-2347)
Eric J. Belfi (EB-8895)
Alan I. Ellman (AE-7347)
Stefanie J. Sundel (SS-8168)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477

*Attorneys for Arkansas Teacher Retirement System and Proposed Co-Lead Counsel for the Class*

**NIX, PATTERSON & ROACH, LLP**
Bradley E. Beckworth (Arkansas Bar No. 2005297)
Jeffery J. Angelovich (Arkansas Bar No. 20060203)
Susan Whatley (Texas Bar No. 24047420)
Brad Seidel (Arkansas Bar No. 2007122, Texas Bar No. 24008008)
Amanda Whatley-Lafferty (Arkansas Bar No. 2008239)
205 Linda Drive
Daingerfield, TX 75638
Telephone:  (903) 645-7333
Facsimile:  (903) 645-5389

*Attorneys for Arkansas Teacher Retirement System and Proposed Co-Lead Counsel for the Class*