UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF MONROE EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al.,<br><br>Defendants. | Civil Action No. 1:10-cv-02835-NRB<br><br>CLASS ACTION<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF STICHTING PHILIPS PENSIOENFONDS AND STATE UNIVERSITIES RETIREMENT SYSTEM OF ILLINOIS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ....... 1

II. ARGUMENT ....... 3

A. The Losses of Philips and Illinois SURS Are Properly Considered Together ....... 3

B. The Financial Interests of the Movants Are Properly Calculated Using FIFO ....... 6

III. CONCLUSION ....... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Barnet v. Elan Corp.*,
236 F.R.D. 158 (S.D.N.Y. 2005) ....................6

*Ellenburg v. JA Solar Holdings Co.*,
262 F.R.D. 262 (S.D.N.Y. 2009) ....................8, 9

*Ferrari v. Impath*,
No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898
(S.D.N.Y. July 20, 2004) ....................4

*In re Able Labs. Sec. Litig.*,
425 F. Supp. 2d 562 (D.N.J. 2006) ....................4

*In re AOL Time Warner, Inc. Securities & ERISA Litigation*,
No. 02 Civ. 5575 (SWK), 2006 U.S. Dist. LEXIS 17588
(S.D.N.Y. Apr. 6, 2006) ....................7

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) ....................1, 4, 6

*In re Cardinal Health, Inc., Sec. Litig.*,
226 F.R.D. 298 (S.D. Ohio 2005) ....................8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ....................3

*In re eSpeed, Inc. Securities Litigation*,
232 F.R.D. 95 (S.D.N.Y. 2005) ....................6, 7

*In re NPS Pharms., Inc. Sec. Litig.*,
No. 2:06-cv-00570-PGC-PMW, 2006 U.S. Dist. LEXIS 87231
(D. Utah Nov. 17, 2006) ....................8

*In re Organogenesis Sec. Litig.*
246 F.R.D. 397 (D. Mass. 2007) ....................7

*Johnson v. Dana Corp.*,
236 F.R.D. 349 (N.D. Ohio 2006) ....................7

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2005) ....................2, 7, 8

**Page**

*Olsen v. N.Y. Comm. Bank*,
233 F.R.D. 101 (E.D.N.Y. 2005) .......... 1, 4

*Pappas v. Countrywide Fin. Corp.*,
No. CV-07-5295-MRP(MANx), slip op.
(C.D. Cal. Nov. 28, 2007) .......... 7

*Reimer v. Ambac Financial Group, Inc.*,
No. 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729
(S.D.N.Y. May 9, 2008) .......... 3

*City of Ann Arbor Emps.' Ret. Sys. v. Accuray Inc.*,
No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466
(N.D. Cal. Oct. 26, 2009) .......... 4

*Rico Records Distribs., Inc. v. Ithier*,
No. 04 Civ. 9782 (JSR), 2005 WL 2174006
(S.D.N.Y. Sept. 8, 2005) .......... 9

*Thompson v. Shaw Group, Inc.*,
No. 04-1685, 2004 U.S. Dist. LEXIS 25641
(E.D. La. Dec. 15, 2004) .......... 8

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) .......... 4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)(3)(B)(iii) .......... 6

Federal Rules of Civil Procedure
23(g)(1)(A)(i) .......... 10

Institutional investors Stichting Philips Pensioenfonds ("Philips") and State Universities Retirement System of Illinois ("Illinois SURS") respectfully submit this reply memorandum of law in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel, and in response to the opposition filed by Arkansas Teacher Retirement System ("Arkansas Teachers").

## I. PRELIMINARY STATEMENT

With a claimed financial interest under FIFO exceeding $12 million, Philips and Illinois SURS are the presumptive Lead Plaintiff. Indeed, only Arkansas Teachers – with a claimed FIFO loss of $9.7 million – opposes their motion, contending that: (i) Philips and Illinois SURS should not be treated as a group when considering their losses; and (ii) the LIFO methodology should be used to calculate the movants' financial interests.

As Arkansas Teachers knows well, though, courts routinely consider the collective losses of movants. *See In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 269 (S.D.N.Y. 2009) (Chin, J.) (appointing group of investors as lead plaintiff that "have shown that they are able to 'function cohesively and to effectively mange the litigation apart from their lawyers'") (citation omitted); *see also Olsen v. N.Y. Comm. Bank*, 233 F.R.D. 101, 106 (E.D.N.Y. 2005) (appointing group of investors that collectively had the largest financial interest as lead plaintiff even though another investor had the largest single loss). Indeed, Arkansas Teachers cannot dispute the propriety of a lead plaintiff group since it itself filed lead plaintiff motions as part of a group in ***each*** of the five cases listed on its certification, including *Reimer v. Ambac Financial Group, Inc.*, No. 08 Civ. 411 (NRB), which is pending before this Court. And, in each of those instances, Arkansas Teachers asked the respective courts to aggregate its members' losses for purposes of determining financial interest. Notably, other than a generic argument that the Court should not consider the

collective losses of Philips and Illinois SURS, Arkansas Teachers has not raised any substantive challenge as to the ability of Philips and Illinois SURS to function cohesively as a group. Nor could it.

Similarly, Arkansas Teachers' attack on the use of FIFO should be viewed in context. As an initial matter, each of the five movants that sought to be appointed Lead Plaintiff in this action, including Arkansas Teachers, calculated its losses under FIFO (with some also calculating their losses under LIFO). Moreover, Arkansas Teachers regularly files lead plaintiff motions in which it reports its financial interest under FIFO, without any mention of LIFO. Finally, upon the settlement of cases in which it has served as lead plaintiff, Arkansas Teachers regularly asks courts to approve FIFO to determine class members' "financial interest in the relief sought by the class." Thus, despite arguments it advances here, Arkansas Teachers recognizes that FIFO is a proper method to calculate the financial interest "in the relief sought" by a class.

While some courts have favored the use of LIFO to determine a movant's financial interest, their explanation for doing so is to eliminate gains that accrue to investors who sell shares during the class period at prices higher than what the investor paid for those shares before the class period. *See, e.g.*, *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 n.7 (S.D.N.Y. 2005) (some courts prefer LIFO "since the inflation of stock prices over the course of the class period may have resulted in gains accrued to plaintiffs. As a result, FIFO may overstate actual losses suffered by stockholders, whereas LIFO takes into account these gains."). While LIFO may be appropriate in situations where investors have such gains, LIFO is not appropriate (and does not accurately reflect an investor's true financial interest) where investors purchase shares prior to the class period at prices higher than what they sell those shares for during the class period, resulting in a ***loss*** on those pre-class period purchases, as is the case here with Philips and Illinois SURS. Moreover, a pure application of LIFO would

irrationally necessitate consideration of a number of ***sales*** by Arkansas Teachers and Illinois SURS that took place ***before*** those sold shares were actually ***purchased***. *See* Memorandum of Law in Further Support of the Motion of Stichting Philips Pensioenfonds and State Universities Retirement System of Illinois for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel and in Opposition to the Competing Motions ("Philips and Illinois SURS Opp."), filed June 18, 2010, at 5.

Thus, FIFO is the only accurate method for calculating the movants' financial interests in this case. Philips and Illinois SURS have the largest financial interest under FIFO. They are otherwise adequate and typical. Their motion should be granted in full.

## II. ARGUMENT

### A. The Losses of Philips and Illinois SURS Are Properly Considered Together

As this Court held in *Reimer v. Ambac Financial Group, Inc.*, No. 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729 (S.D.N.Y. May 9, 2008), a group of institutional investors is properly appointed lead plaintiff if the group makes a *prima facie* showing of adequacy and demonstrates an ability to function as a group. *See id.* at *12-*14; *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001).[1]

[1] Notably, the group appointed by this Court in *Reimer* included Arkansas Teachers. *See* 2008 U.S. Dist. LEXIS 38729 at *9. While Arkansas Teachers may argue that its motion that it filed as part of a group in *Reimer* also included the individual movant with the largest individual loss, it would be impossible for Arkansas Teachers to know that its group included the largest individual loss at the time it made its motion. Indeed, as set forth in its motion papers in *Reimer*, Arkansas Teachers asked this Court to consider its group's ***collective*** losses when determining its financial interest. *See Reimer v. Ambac Fin. Group, Inc.*, No. 08-cv-00411-NRB, Memorandum of Law in Support of the Motion of the U.S. Public Pension Funds for (1) Appointment as Lead Plaintiff; (2) Approval of Their Selection of Counsel as Lead Counsel for the Class; and (3) Consolidation of All Related Actions ("Ambac Memo"), at 2 (S.D.N.Y. Mar. 17, 2008) ("the U.S. Public Pension Funds'

Courts in this District regularly consider a group's losses in the aggregate for purposes of determining the movant group's financial interest. *See, e.g.*, *Bank of Am.*, 258 F.R.D. at 269 ("the Public Pension Funds have the largest financial interest"); *Ferrari v. Impath*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *16 (S.D.N.Y. July 20, 2004) (Batts, J.) ("SoCal Plaintiffs Group possesses by far the largest financial interest in the relief sought by the class."); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (Batts, J.) ("The Weinstein Plaintiffs Group . . . is the 'person or group of persons' that has the largest financial interest, with 13,191.64 shares of common stock."); *see also City of Ann Arbor Emps.' Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466, at *8-*9 (N.D. Cal. Oct. 26, 2009) ("most courts have concluded that the PSLRA authorizes plaintiffs to aggregate their losses for purposes of the lead plaintiff determination") (citation omitted).[2]

Tellingly, ***in every one*** of the five cases in which it sought to be appointed as lead plaintiff, Arkansas Teachers has asked a court to consider its group's financial interest in the aggregate.[3]

---

significant financial interest in this matter is evidenced by. . . their loss of approximately $31 million on their investment in Ambac securities") (attached hereto as Ex. A).

2 Arkansas Teachers' argument that a single investor with a larger individual loss should be appointed lead plaintiff over a proper PSLRA group with a larger collective loss, *see* Memorandum of Law in Further Support of the Motion of Arkansas Teacher Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel ("Arkansas Teachers Opp."), filed June 18, 2010, at 8, has been rejected by numerous courts. *See, e.g.*, *Olsen*, 233 F.R.D. at 106 (E.D.N.Y. 2005) (rejecting argument that the court should consider the separate losses of each member of a proper PSLRA group, where another investor had a larger individual loss); *see also In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 571 (D.N.J. 2006) (granting the lead plaintiff motion of two institutional investors whose losses collectively, but not individually, exceeded the individual losses claimed by another institutional investor).

3 *See Plichta v. Sunpower Corp.*, No. cv-09-5473-CRB, Institutional Investor Funds' Notice of Motion and Motion for (i) Consolidation of Related Actions; (ii) Appointment as Lead Plaintiff; and (iii) Approval of Their Selection of Lead Counsel; Memorandum of Points and Authorities in

Also, in *MGM Mirage*, No. 2:09-cv-1558-RCJ-LRL, Arkansas Teachers argued: "[i]ndeed, there are advantages to appointing a group of institutional investors as lead plaintiff. Were a lead plaintiff to later withdraw, or were defendants [to] later successfully challenge a member of the group at class certification [or] beyond, groups provide safety in numbers." MGM Reply at 14; *see also* Philips and Illinois SURS Opp. at 14-15.

Here, since Philips and Illinois SURS have sufficiently demonstrated their ability to work together as Lead Plaintiff consistent with the intent of the PSLRA, a proper showing of their adequacy as a group has been made and their losses are properly considered together. Significantly, Philips and Illinois SURS are two institutional investors which suffered multi-million dollar losses from their purchases of shares of The Hartford Financial Services Group, Inc. They have "submitted declarations demonstrating cooperative efforts among the funds," and "established their ability to act independent of counsel." *Bank of Am.*, 258 F.R.D. at 270; *see also* Joint Declaration, attached as

---

Support Thereof, at 5 (N.D. Cal. Jan. 19, 2010) ("With losses exceeding $4.8 million, the Institutional Investor Funds [comprised of three investors] have the largest financial interest in the relief sought by the class.") (attached hereto as Ex. B); *Dees v. Colonial Bancgroup, Inc.*, No. 2:09-cv-104-MHT-WC, Memorandum of Law in Support of the Motion of the Public Pension Fund Group for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel, at 2 (N.D. Ala. Apr. 10, 2009) ("the Public Pension Fund Group [comprised of four investors] suffered losses of approximately $1,756,214 on its investments in Colonial during the Class Period") (attached hereto as Ex.C); Ex. A, Ambac Memo at 2 ("the U.S. Public Pension Funds' [comprised of three investors] significant financial interest in this matter is evidenced by. . . their loss of approximately $31 million on their investment in Ambac securities"); *In re Schering-Plough Corp.*, No. 2:08-397-DMC-MF, Memorandum of Law in Support of the Motion of the Public Pension Funds for Appointment as Lead Plaintiff and Approval of Their Selection of Counsel for the Class, at 4 (D.N.J. Mar. 18, 2008) ("The Public Pension Funds [comprised of four investors] suffered losses in excess of $18.8 million in connection with their Class Period investments in Schering") (attached hereto as Ex. D) ; *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-1558-RCJ-LRL, The Public Pension Funds' Reply Memorandum in Further Support of Their Motion for Appointment ad Lead Plaintiff and Approval of Their Selection of Lead and Liaison Counsel ("MGM Reply"), at 2 (D. Nev. Nov. 20, 2009) ("the Public Pension Funds' [comprised of three investors] $4.6 million loss is the largest before the Court") (attached hereto as Ex. E).

Ex. D to Declaration of David A. Rosenfeld, filed June 1, 2010, at ¶¶3-4, 7-8. Thus, consistent with the PSLRA, they represent the "***group of persons that*** . . . ***has the largest financial interest***," 15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added), and their losses are properly considered together.[4]

### B. The Financial Interests of the Movants Are Properly Calculated Using FIFO

Recognizing that its only chance to claim the largest financial interest here is to argue that the Court should consider the losses of the investor with the largest LIFO loss, Arkansas Teachers contends that FIFO is disfavored by courts and LIFO presents a more accurate picture of a movant's losses. Nevertheless, Arkansas Teachers concedes[5] – as it must – that there are cases when FIFO is the appropriate loss methodology. This is one of those cases.

---

[4] The two cases cited to by Arkansas Teachers, *In re eSpeed, Inc. Securities Litigation*, 232 F.R.D. 95 (S.D.N.Y. 2005), and *Barnet v. Elan Corp*., 236 F.R.D. 158 (S.D.N.Y. 2005), are inapposite. In *eSpeed*, Judge Scheindlin specifically stated that, "where aggregation would not displace an institutional investor as presumptive lead plaintiff ***based on the amount of losses sustained***, a small group of unrelated investors may serve as lead plaintiff." 232 F.R.D. at 100 (emphasis added). Similarly, in *Barnet*, the court ultimately appointed a group of investors as lead plaintiff. 236 F.R.D. at 164.

[5] Arkansas Teachers' change of heart in claiming that FIFO is not appropriate is inconsistent with its own filings. Why would Arkansas Teachers have included a FIFO calculation in its motion, *see* Declaration of Alan I. Ellman, filed June 1, 2010, Ex. B, unless it was appropriate under certain circumstances? Also, as recently as January of this year, Arkansas Teachers filed a lead plaintiff motion in which it limited the calculation of its financial interest to just FIFO – the exact opposite of what it is advocating for here. *See Plichta v. Sunpower Corp*., No. cv-09-5473-CRB, Declaration of Ramzi Abadou in Support of the Institutional Investor Funds' Motion for (i) Consolidation of Related Actions; (ii) Appointment as Lead Plaintiff; and (iii) Approval of Their Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof (N.D. Cal. Jan. 19, 2010) (relevant portions attached hereto as Ex. F); *see also Glauser v. EVCI*, No. 05-cv-10240, Memorandum of Law in Support of the Motion of Arkansas Teachers Retirement System for: (1) Appointment as Lead Plaintiff; (2) Approval of its Selection of Counsel to Serve as Lead Counsel for the Class; and (3) Consolidation of All Related Actions, at 2 (S.D.N.Y. Feb. 6, 2006) (Arkansas Teachers only used FIFO to calculate its financial interest) (attached hereto as Ex. G); *Fuechtman v. MasTec, Inc.*, No. 04-20886-Civ, Memorandum of Law in Further Support of the Motion of the Arkansas Teacher Retirement System for: (1) Appointment as Lead Plaintiff; (2) Approval of its

Indeed, the cases relied on by Arkansas Teachers favoring LIFO[6] utilize the same rationale for its use: FIFO tends to understate gains made on pre-class period holdings.[7] But here, Philips and Illinois SURS have established that they ***do not have a gain*** on their pre-Class Period holdings. In fact, their pre-Class Period purchases actually result in almost a million dollars in ***additional losses*** since they paid more for those shares than they sold them for. *See* Philips and Illinois SURS Opp. at

---

Selection of Counsel to Serve as Lead Counsel for the Class; and (3) Consolidation of All Related Actions and in Opposition to All Competing Motions, at 5 (S.D. Fla. July 2, 2004) (same) (attached hereto as Ex. H).

[6] Significantly, many of the cases relied on by Arkansas Teachers do not provide a blanket endorsement of LIFO. *See, e.g., Kaplan*, 240 F.R.D. at 94 (noting that "the inflation of stock prices over the course of the class period ***may*** have resulted in gains accrued," but nonetheless choosing FIFO) (emphasis added); *In re Organogenesis Sec. Litig*. 246 F.R.D. 397, 402 (D. Mass. 2007) (choosing LIFO after "recognizing the inappropriateness of using FIFO ***in this context***," where FIFO would have created a gain for the proposed lead plaintiff) (emphasis added); *Johnson v. Dana Corp*., 236 F.R.D. 349, 353 (N.D. Ohio 2006) ("***In this context***, however, FIFO…allow[s] plaintiffs to cordon off their profits from the defendant's misconduct.") (emphasis added); *Pappas v. Countrywide Fin. Corp*., No. CV-07-5295-MRP(MANx), slip op. at 14-15 (C.D. Cal. Nov. 28, 2007) (FIFO "encompasses purchases made outside the Class Period…and thus ***in some cases*** will identify damages where in reality there is none") (emphasis added).

[7] While Arkansas Teachers relies heavily on Judge Scheindlin's holding in *eSpeed*, 232 F.R.D. at 101, to support the use of LIFO, that opinion was narrowed in *In re AOL Time Warner, Inc. Securities & ERISA Litigation*, No. 02 Civ. 5575 (SWK), 2006 U.S. Dist. LEXIS 17588 (S.D.N.Y. Apr. 6, 2006), by Judge Kram, who attributed the inapplicability of FIFO in *eSpeed* to "the movant's specific, manipulative application of FIFO in that case." *Id*. at *63. Notably, since issuing her ruling in *eSpeed*, Judge Scheindlin has used FIFO to calculate the "financial interest in the relief sought by the class" in a number of class action settlements. *See, e.g., Hall v. The Children's Place Retail Stores, Inc*., No. 1:07-cv-08252-SAS, Notice of Proposed Settlement of Shareholder Class Action, Hearing Thereon, and Right to Appear, at 8 (S.D.N.Y. July 17, 2009) ("all purchases and sales shall be matched on a first in, first out (FIFO) basis") (attached as Ex. F to Philips and Illinois SURS Opp.); *In re Scottish Re Group Sec. Litig*., No. 06-cv-5853(SAS), Notice of (1) Pendency and Proposed Settlement of Class Action and (2) Hearing on Proposed Settlement, at 9 (S.D.N.Y. Sept. 26, 2008) ("If a Class Member has more than one purchase/acquisition or sale of Scottish Re Securities, all purchases/acquisitions and sales of each type of security shall be matched on a First-In-First-Out ('FIFO') basis by type.") (attached hereto as Ex. I).

7 (calculating losses from pre-Class Period purchases based on actual trading prices); *see also Ellenburg v. JA Solar Holdings Co.*, 262 F.R.D. 262, 266 (S.D.N.Y. 2009).

The pure application of LIFO here also misrepresents the reality of the movants' trading: Arkansas Teachers' most recent purchases on ***October 17, 2008*** (39,031 shares purchased at $29.67 per share) would be offset by its first sales on ***March 12, 2008*** (12,200 shares sold at $88.62 per share) – ***seven months before those shares were even purchased***. *See Ellenburg*, 262 F.R.D. at 266 (rejecting financial interest calculations that "ignore the reality of the financial transactions"); *In re NPS Pharms., Inc. Sec. Litig.*, No. 2:06-cv-00570-PGC-PMW, 2006 U.S. Dist. LEXIS 87231, at *7 (D. Utah Nov. 17, 2006) (holding that an analysis of financial interest cannot ignore "economic reality").

Since LIFO is not an accurate indicator of financial interest under the facts and circumstances of this case, it is appropriate to use FIFO. *See Kaplan*, 240 F.R.D. at 94 n.7 (calculating financial interest under FIFO after determining that LIFO could not be used); *see also Thompson v. Shaw Group, Inc.*, No. 04-1685, 2004 U.S. Dist. LEXIS 25641, at *14 (E.D. La. Dec. 15, 2004); *In re Cardinal Health, Inc., Sec. Litig.*, 226 F.R.D. 298, 303 (S.D. Ohio 2005). Arkansas Teachers argues for LIFO because it represents a "better measure of actual damages." Arkansas Teachers Opp. at 7. However, not only does Arkansas Teachers regularly use FIFO to the exclusion of LIFO in its lead plaintiff motions, it also regularly uses FIFO[8] for determining the true "financial interest in the relief

---

[8] Aware that its attack on FIFO here is inconsistent with its previous arguments in favor of FIFO (in other lead plaintiff motions and in settlements), Arkansas Teachers attempts to deflect attention away from its own inconsistent positions by arguing that ***counsel*** for Philips and Illinois SURS has also taken a contrary position in ***one*** case, arguing in favor of LIFO. *See* Arkansas Teachers Opp. at 5. While the use of LIFO in that instance was likely appropriate, under the circumstances of this case (as set forth herein), LIFO does not provide a true and accurate picture of the movants' financial interests. Regardless, ***unlike a party to a litigation***, "there is nothing

sought by the class," that is when making allocation determinations in cases that it settles.[9] Ninety-five percent of the courts in this District also use FIFO for calculating actual damages upon settlement of an action. *See* Philips and Illinois SURS Opp. at 8-9 (citing examples).

Since several of the movants' losses cannot be accurately calculated under LIFO, and certain of the movants' LIFO losses (at least Philips and Illinois SURS) do not involve gains on pre-Class Period purchases but rather involve ***additional losses***, LIFO's use as a comparative basis for calculating financial interests is inappropriate here. *See Ellenburg*, 262 F.R.D. at 266 (LIFO

---

improper about a lawyer's arguing opposite positions for different parties in different cases: indeed, it is more or less inherent in an adversarial system of justice." *Rico Records Distribs., Inc. v. Ithier*, No. 04 Civ. 9782 (JSR), 2005 WL 2174006, at *2 (S.D.N.Y. Sept. 8, 2005).

9 *See, e.g.*, *Atlas v. Accredited Home Lenders Holding Co.*, No. 3:07-cv-00488-H-CAB, Notice of Pendency and Proposed Settlement of Class Action, at 7 (S.D. Cal. Aug. 4, 2009) ("Use of 'FIFO' Methodology for Computation of Recognized Losses for Settlement Class Members Who Made Multiple Transactions in Accredited Securities During the Settlement Class Period") (attached hereto as Ex. J); *In re SFBC Int'l, Inc. Sec. & Deriv. Litig.*, No. 2:06-cv-165-SRC, Notice of (1) Pendency of Class Action and (2) Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Net Settlement Fund, at 7 (D.N.J. Dec. 12, 2007) ("In the event a Settlement Class Member has more than one purchase/acquisition or sale of PDGI securities during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ('FIFO') basis[.]") (attached hereto as Ex. K); *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05-cv-10240-CM, Notice of: (1) Pendency of Class Action, and (2) Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Net Settlement Fund, at 9 (S.D.N.Y May 1, 2007) ("In the event a Class Member has more than one purchase or sale of EVCI common stock during the Class Period, all purchases and sales shall be matched on a First in First Out ('FIFO') basis.") (attached hereto as Ex. L); *In re Openwave Sys. Inc. Sec. Litig.*, No. 05 Civ. 1024-CM, Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, at 8 (S.D.N.Y. Nov. 25, 2008) ("If a Class Member has more than one purchase/acquisition or sale of Openwave common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In First Out ('FIFO') basis.") (attached hereto as Ex. M); *In re MasTec, Inc. Sec. Litig.*, No. 04-20886-FAM, Notice of: (1) Pendency of Class Action, and (2) Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Net Settlement Fund, at 18 (S.D. Fla. Aug. 31, 2006) ("In processing claims, the first-in, first-out basis ('FIFO') will be applied to purchases or acquisitions and sales.") (attached hereto as Ex. N).

"ignore[s] the economic reality of a stock sale, which requires that the sales price for a share of stock be matched with that share's cost basis, in order to calculate a profit or loss on the sale of that share.").

In sum, Philips and Illinois SURS are the presumptive Lead Plaintiff. Their FIFO loss of more than $12 million represents the largest financial interest in this litigation, surpassing the $9.7 million FIFO loss claimed by Arkansas Teachers. Philips and Illinois SURS are also otherwise adequate and typical. Also, unlike Arkansas Teachers, Philips and Illinois SURS have selected one law firm, Robbins Geller Rudman & Dowd LLP, to represent them and the class – the law firm that investigated the underlying allegations in this action and drafted the only complaint that was filed on behalf of the class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i) (stating that, in selecting class counsel, courts should consider the "work counsel has done in identifying or investigating potential claims in the action"). Since no movant has offered any proof to rebut the presumption afforded to Philips and Illinois SURS, their motion should be granted.

## III.  CONCLUSION

For all the reasons stated herein, Philips and Illinois SURS's motion seeking appointment as Lead Plaintiff and approval of their selection of Lead Counsel should be granted, and the competing motions should be denied.

DATED:  June 28, 2010                           ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
                                                SAMUEL H. RUDMAN
                                                DAVID A. ROSENFELD
                                                MARIO ALBA JR.


                                                        */s/ David A. Rosenfeld*
                                                       DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
LAURIE L. LARGENT
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I, David A. Rosenfeld, hereby certify that on June 28, 2010, I caused a true and correct copy of the attached:

> Reply Memorandum of Law in Further Support of the Motion of Stichting Philips Pensioenfonds and State Universities Retirement System of Illinois for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ David A. Rosenfeld*
David A. Rosenfeld